JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Plaintiff Summer Darst cut her knee on an out-of-bounds sprinkler head while playing a varsity soccer game for Bay Village High School. She filed this suit seeking $250,000 in compensation from the Bay Village Board of Education. Both parties filed cross-motions for summary judgment — plaintiff filed her motion asking for a determination that the board was liable as a matter of law; the board filed its motion claiming immunity under R.C. Chapter 2744. The court denied both motions. The board brings this appeal pursuant to R.C. 2744.02
(C), and complains that the court erred by not finding plaintiff's claim barred by sovereign immunity.
We lack jurisdiction to hear this appeal. R.C. 2744.02 (C), the code section that authorizes an interlocutory appeal by a political subdivision which has been denied immunity from suit, was part of the comprehensive tort reform legislation codified as part of Am. Sub. H.B. 350. In State ex rel. Ohio Academy of TrialLawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus states, "Am. Sub. H.B. 350 violates the one-subject provision of Section 15 (D), Article II of the Ohio Constitution, and is unconstitutional in toto." Whether intended or not, this ruling voids application of R.C. 2744.02 (C). See Perry v. Goodin
(Sept. 16, 1999), Mahoning App. No. 99 C.A. 187, unreported;Thomas Vending, Inc. v. Slagle (Sept. 24, 1999), Marion App. No. 9-99-16, unreported. Absent statutory authority for this appeal, the order denying the city's motion for summary judgment on sovereign immunity grounds cannot be considered a final order and must therefore be dismissed.
Dismissed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES W PORTER, A.J. DIANE KARPINSKI, J., CONCUR.
 ______________________________ JUDGE JOHN T. PATTON